Law Offices of
JEFFREY M. BLOOM
Attorney at Law
5700 Bergenline Avenue
West New York, New Jersey 07093
(201) 868-9300
Attorney(s) for Plaintiff(s) Mark and Shona Holden (2008-027)

FILED
JAMES J. WALDRON, CLERK
FEB 18 2011
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

|  |  |
|---|---|
| In re:<br><br>NICHOLAS JOHN ALTIERI,<br><br>Debtor.<br><br>———————————————<br><br>MARK AND SHONA HOLDEN,<br><br>Plaintiff(s),<br>v.<br><br>NICK ALTIERI,<br><br>Defendant(s). | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. ROSEMARY GAMBARDELLA<br><br>Chapter 7<br><br>CASE NO.: 11-12819-DHS<br><br>HOLDEN'S VERFIED COMPLAINT<br>OBJECTING TO DISCHARGEABILITY OF<br>DEBT PURSUANT TO 11 U.S.C. § 523 |

**PLAINTIFF(S), MARK and SHONA HOLDEN** ("Plaintiffs"), by and through its counsel, Jeffrey M. Bloom, Esq., as and for its Complaint against Defendant, **NICK ALTIERI**, ("Debtor" or "Defendant"), pursuant to 11 U.S.C. § 523, allege and state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### PROCEDURAL HISTORY AND PARTIES

3. On or about January 31, 2011, (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey, Newark Vicinage (the "Court"), under Case No. 11-12819-DHS (the "Bankruptcy Case").

4. On or about January 31, 2011, the United States Trustee appointed Jonathan Kohn, Esq., as Chapter 7 Trustee (the "Trustee") in the Bankruptcy Case.

5. Plaintiffs are New Jersey residents living at 3 Cold Stream Lane, Upper Saddle River, New Jersey 07453.

6. Debtor is an individual residing, upon information and belief, at 22 Ryerson Road, Lincoln Park, New Jersey.

## FACTUAL BACKGROUND

7. Debtor was a former contractor of Plaintiffs, who was scheduled to perform major renovation work on their home. The Debtor failed to perform the job, failed to follow plans, took money intended for sub-contractors and suppliers pursuant to a contract dated September 8, 2007, and, on February 3, 2008, left the project notice.

8. On or about July 16, 2008, Plaintiffs commenced suit against the Debtor in the Superior Court of the State of New Jersey, County of Bergen, under Docket No.: **BER-L-2819-08.**

9. On or about October 24, 2008, a Judgment for Consumer Fraud was entered against the Debtor in the amount of $1,228,603.70 *(See Exhibit "A" annexed hereto)*.

10. Post Judgment Discovery was served on the Debtor

11. On or about January 11, 2011, after not complying with discovery orders, the Debtor was incarcerated at the Bergen County Correctional Facility. Debtor was released on January 18, 2011 after providing brief Answers to Interrogatories and was ordered to provide additional discovery, including documents by January 25, 2011 and appear for a deposition on January 31, 2011. Debtor did not provide any documents. On January 31, 2011 the Debtor filed a Petition for Bankruptcy.

## FIRST COUNT
### (Objection To Discharge Under 11 U.S.C. §523(a)(2)(A))

12. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 11 as if set forth at length herein.

13. 11 U.S.C. §523(a)(2)(A) states in pertinent part that a Debtor may not obtain a discharge for money or credit obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtor's or an insider's financial condition".

14. Upon information and belief, at the time the Debtor induced Plaintiffs to the advance money for the construction project on Plaintiffs' home the Debtor did not intend to complete the job.

15. Upon information and belief, the Debtor engaged in false pretenses, false representations, and/or fraud in connection with the Debtor's inducing Plaintiffs to advance funds that were not used to pay sub-contractors or for supplies. Such findings were confirmed by Judge Miller in Docket No.: BER-L-2819-08 (hereinafter the "Judgment").

16. By virtue of the Debtor's false pretenses, false representations and/or actual fraud, Plaintiffs suffered damages in the minimum amount of $1,228,603.70.

17. The Judgment constitutes money obtained by false pretenses, false representations, and/or actual fraud and is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**WHEREFORE,** Plaintiffs demand judgment on the First Count of its Complaint as follows:

A. Deeming the Judgment to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A);

B. Directing the Debtor to pay Plaintiffs the minimum sum of $1,228,603.70, the exact amount of Plaintiffs' damages to be determined by the Court at trial;

C. Awarding Plaintiffs costs of suit and reasonable attorney's fees; and

D. Granting Plaintiffs such other and further relief as the Court deems just and proper under the circumstances.

LAW OFFICE OF
JEFFREY M. BLOOM, ESQ.
Attorneys for Plaintiffs,
Mark and Shona Holden

Dated: 2/15/11

_____
JEFFREY M. BLOOM, ESQ.

## VERIFICATION

**MARK and SHONA HOLDEN**, of full age, hereby certifies as follows:

1.   We are the Plaintiffs herein.

2.   We have read the Verified Complaint and certify that the statements contained therein are true based upon our personal knowledge. We further certify that to the extent any statements contained therein are based upon information and belief, we believe those statements to be true.

We certify that the foregoing statements made by us are true. We are aware that if any of the foregoing statements made by us are willfully false, we are subject to punishment.

Dated: _____    _____
                                                                        MARK HOLDEN

                                                                        _____
                                                                        SHONA HOLDEN

# EXHIBIT "A"

Law Offices of
JEFFREY M. BLOOM, ESQ.
Attorney at Law
5700 Bergenline Avenue
West New York, New Jersey 07093
(201) 868-9300
Attorney for Plaintiff(s) Holden (2008-027)

**FILED**

**OCT 2 4 2008**

Elijah L. Miller, Jr.
P.J.S.C.

| MARK AND SHONA HOLDEN | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff(s), | LAW DIVISION: BERGEN COUNTY |
| v. | **RECORDED AS A LIEN** |
|  | Docket No.: BER-L-2819-08 |
| NJA ENTERPRISES, NICK ALTIERI, and ABC CORP. 1-10 (said names being fictitious), JOHN DOES 1-10 (said names being fictitious) jointly, severally and or in the alternative | Civil Action |
|  | *ORDER FOR JUDGMENT FOR PLAINTIFF* |
| Defendant(s). | J 285-880-08 |

THIS MATTER having been tried before the Court for a Final Default Hearing on October 3, 2008, and the Court having heard the testimony and considered exhibits submitted, hereby renders a decision in favor of the Plaintiff(s), **MARK HOLDEN and SHONA HOLDEN** as follows:

1. As to Consumer Fraud, $ 261,000.00 *

*AND IT FURTHER* being mandated under the Consumer Fraud Act that the Trial Judge mold the decision to include treble damages on the finding of ascertainable loss on the Consumer Fraud count, filing fees, reasonable costs of suit, and reasonable attorneys fees; *

*AND IT FURTHER* being ordered that Plaintiff(s) are entitled to pre-judgment interest running from April 11, 2008 through October 3, 2008, the date of the decision; **

*AND IT FURTHER* being ordered that Plaintiff(s) are entitled to lodestar fee enhancement; therefore

*IT IS ON* this ___24th___ day of October 2008,

*ORDERED* that judgment be entered as follows:

| | | |
|---|---|---|
| 1. | As to Consumer Fraud | $ 963,000.00 |
| 2. | Pre-Judgment Interest | 25,278.75 |
| 3. | Filing Fees and reasonable costs of suit | 325.00 |
| 4. | Reasonable Attorney's Fees | $ 240,750 * |

*AND IT IS FURTHER ORDERED* that Final Judgment against the Defendant(s), NICK ALTIERI, individually and NJA ENTERPRISES, in the amount of $ 1,228,603.70 is hereby entered on the docket.*

_____
ELIJAH L. MILLER, JR., P.J.Cv.

* C4:43-2(b)
Proof hearing with Testimony of witnesses
on 10/3/08. For reasons and findings of the
Court placed on the record. Relief granted
supra by the Court. See Affidavit of Jeffrey Bloom, Esq,
dated/filed 10/14/08, see also Exhibit A, Retainer for Legal Services of Plaintiff, C4:42-9(b) and R.Pc. 1.5(c).
The legal fees are reasonable as entered by the Court. 25% contingency fee on recovery = $240,750

Law Offices of
**JEFFREY M. BLOOM, ESQ.**
Attorney at Law
5700 Bergenline Avenue
West New York, New Jersey 07093
(201) 868-9300
**Attorney for Plaintiff(s) Mark and Shona Holden (2008-027)**

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| NICHOLAS JOHN ALTIERI, | HON. ROSEMARY GAMBARDELLA |
| Debtor. | Chapter 7 |
| | CASE NO.: 11-12819-DHS |
| MARK AND SHONA HOLDEN, | CERTIFICATION OF FAX SIGNATURE OF MARK AND SHONA HOLDEN |
| Plaintiff(s), | |
| v. | |
| NICK ALTIERI, | |
| Defendant(s). | |

I, **JEFFREY M. BLOOM**, of full age, do hereby certify as follows:

1. I am the attorney for Plaintiff(s), **MARK and SHONA HOLDEN**, in the above captioned matter;

2. On February 14, 2011, I emailed a copy of the Verified Complaint to them. They indicated that the Complaint was correct and that they would sign the Verification Page and fax/email it back to me. I received their faxed/emailed signature page and same is annexed to the Verified Complaint Objecting to Dischargeability;

3. I will produce the original signature page if requested by the Court or any party to this matter;

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 2/15/11

JEFFREY M. BLOOM, ESQ.